Filed 8/3/16  P. v. Mills CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D070015 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD262864) |
| ROBERT MILLS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert Mills was charged with unlawfully taking or driving a stolen vehicle (Veh. Code, § 10851, subd. (a); count 1), and receiving a stolen vehicle (Pen. Code, § 496d;[1]

---

[1]     All subsequent unspecified statutory references are to the Penal Code.

count 2). Enhancements related to his prior convictions for vehicle theft (§ 666.5, subd. (a)) attached to both counts. Pursuant to a negotiated plea agreement entered October 23, 2015, defendant pled guilty to count 1, admitted the section 666.5, subdivision (a) allegation as to that count, and admitted a strike prior. The remaining count and enhancements were dismissed.

## STATEMENT OF FACTS AND PROCEDURE

In the early morning hours of July 2, 2015, San Diego police officers responded to a report of a stolen commercial utility van belonging to Professional Maintenance Systems (PMS). Allison Erickson, the controller of PMS, had used a GPS program to track the vehicle and informed police of its location. The officers located the stolen vehicle, performed a "hot stop" and found defendant seated in the driver's seat with the van's keys still in the ignition. Cleaning equipment was located in the van and defendant was wearing a shirt bearing the PMS insignia. Erickson verified defendant was not a PMS employee.

At defendant's change of plea hearing on October 23, 2015, defendant pled guilty to count 1 (Veh. Code, § 10851, subd. (a)), admitted a strike prior (§ 667, subds. (b)-(i)), and left sentencing to the court. Count 2 and the remaining enhancements were dismissed. At the sentencing hearing, the People moved to strike the remaining section 666.5, subdivision (a) enhancement, to which the court agreed. Defendant moved to strike his strike, but due to defendant's extensive criminal history the court denied his request. As a result, probation was denied and defendant was sentenced to 16 months in state prison, doubled to 32 months for the strike.

2

Defendant appeals.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Counsel has identified the following issues that "might arguably support the appeal" (*Anders v. California* (1967) 386 U.S. 738, 744): (1) whether defendant's waiver of his right to appeal was valid; (2) whether defendant's guilty plea was constitutionally valid; (3) whether the court abused its discretion in denying probation to defendant; (4) whether the court abused its discretion in failing to dismiss defendant's strike prior; (5) whether a sufficient factual basis for defendant's guilty plea exists; (6) whether defendant's custody credits had been calculated correctly; and (7) whether defendant's attorney was ineffective. We offered defendant the opportunity to file a brief on his own behalf, and he has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues. Competent counsel has represented defendant on this appeal.

DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:

McDONALD, J.

AARON, J.

4